**MOEA'I ULIATA, Appellant**

**v.**

**ALAI'A FILIFILI, SI'UFANUA AITU, and
TUIA'ANA MOI, Appellees**

High Court of American Samoa
Appellate Division

AP No. 35-88

September 11, 1989

Before KRUSE, Chief Justice, CANBY,* Acting Associate Justice, THOMPSON,** Acting Associate Justice, and OLO, Associate Judge.

---

\* Honorable William C. Canby, Jr., Judge, United States Court of·Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

\*\* Honorable David R. Thompson, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

Counsel: For Appellant, Togiola T.A. Tulafono
For Appellee Alai'a, Charles V. Ala'ilima
For Appellee Tuia'ana, Albert Mailo

Per Kruse, C.J.:

Appellant, Moea'i Uliata, for himself and his communal family, appeals from a decision of the Land and Titles Division denying much of his offer to register title to some 15.5 acres of land located near the village of Faleniu. [*Moea'i v. Te'o*, 8 A.S.R.2d 85, *motion for reconsideration den.*, 9 A.S.R.2d 107 (1988).] Basically underlying the appeal is a quarrel with the trial court's unfavorable assessment of appellant's evidence.

Appellant's first contention is that his side presented "the most detailed history of its entitlement to the land." He urges, in rather strong terms, that there was substantial evidence to support his claim to all of the 15.5 acres and that the trial court was thus clearly in error.

With regard to findings of fact of the Land and Titles Division, the appellate court's role is statutorily delimited in A.S.C.A. § 43.0801(b). This enactment provides that the Appellate Division may not set aside findings of fact below unless they are clearly erroneous. Trial Court Rules of Civil Procedure, Rule 52(a) not only restates this proscription, but further provides that "due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." This Court has previously given, in *National Pacific Insurance Co. v. Oto*, 3 A.S.R.2d 94 (1986), a detailed explanation why appellate tribunals defer to the factual judgment calls made by the trial court on the basis of conflicting testimony.

There is more to the trial court's fact-finding exercise than merely making comparisons to see which is the more researched, the less contradicted, or the better sounding story. Credibility alone might negative the best presentation --- the trial court with the live witness before it is in the best position to assess credibility. We note from the record at least one glaring difficulty with appellant's exclusive claim to title which required explanation. That is, his claim to sole ownership of the area was directly inconsistent not only with documentary records (a lease of the land to the Mormon church in 1902 or 1903 and a deed of conveyance to the church) indicating a number of Faleniu chiefs as owners of the disputed land, but also contradictory with the result of at

least one previous case which recognized appellee, Tuia'ana, as a land owner in the vicinity. *See Siufanua v. Uele*, 2 A.S.R. 462 (1949).

Whether or not a dissatisfied litigant had himself presented substantial evidence is not, as appellant seems to suggest, the test for clear error. Rather, the question is whether there was substantial evidence to support the trial court's conclusions. Here, there was substantial evidence in support.

Appellant's other contention on appeal is that appellee Tuia'ana is not a senior matai capable of holding land under Samoan customs and that the award of land to Tuia'ana was, therefore, error.

In its Opinion and Order on Motion for Reconsideration and Relief from Judgment, the trial court held that this issue was not properly raised at trial. *Moea'i v. Te'o*, 9 A.S.R.2d 107, 111-12 (1988). We agree. Moreover, we find that there is substantial evidence to support the alternative conclusion that Tuia'ana *is* a matai of Faleniu and can therefore own communal land.

The judgment of the Land and Titles Division is affirmed.